# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHARLES R. GREFER, | | |
| | Plaintiff, | |
| v. | | 5:23-CV-172 (GTS/ATB) |
| DET. F. CORNELIUS, | | |
| | Defendant. | |

| | | |
|---|---|---|
| CHARLES R. GREFER, | | |
| | Plaintiff, | |
| v. | | 5:23-CV-176 (GTS/ATB) |
| CAYUGA COUNTY SHERIFF SCHENK, | | |
| | Defendant. | |

| | | |
|---|---|---|
| CHARLES R. GREFER, | | |
| | Plaintiff, | |
| v. | | 5:23-CV-177 (GTS/ATB) |
| CAYUGA COUNTY and LLOYD E. HASKINS, | | |
| | Defendants. | |

| | | |
|---|---|---|
| CHARLES R. GREFER, | | |
| | Plaintiff, | |
| v. | | 5:23-CV-179 (GTS/ATB) |
| C. VALDINA, | | |
| | Defendant. | |

CHARLES R. GREFER, Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

**I.     Introduction**

Plaintiff Charles R. Grefer ("plaintiff"), a prisoner[1] proceeding pro se, commenced the four (4) above-captioned actions on January 11 and 18, 2023 in the Western District of New York ("W.D.N.Y."), seeking leave to proceed in forma pauperis ("IFP"). These cases were ultimately transferred to the Northern District of New York ("N.D.N.Y.") by Chief United States District Judge Elizabeth A. Wolford, based on her determination that venue was not proper in the W.D.N.Y.[2] In her transfer orders, Judge Wolford made no rulings as to the sufficiency of each complaint, nor did she consider the merits of plaintiff's motions to proceed IFP.

Upon transfer of the above-captioned cases to the N.D.N.Y., it was determined by U.S. District Judge Glenn T. Suddaby that these actions are directly related.[3] The complaints and plaintiff's relative applications for IFP are now before this court for review. Plaintiff has also filed a motion for default judgment (*Cayuga County*, Dkt. No. 5) and a motion to appoint counsel (*Valdina*, Dkt. No. 2).

---

[1] Plaintiff was a prisoner confined to the Cayuga County Jail at the time he commenced the above captioned actions.

[2] *See Grefer v. Cornelius,* Case No. 5:23-CV-172 (GTS/ATB) (N.D.N.Y.) ("*Cornelius*") (Dkt. No. 6); *Grefer v. Cayuga County Sheriff Schenk,* Case No. 5:23-CV-176 (GTS/ATB) (N.D.N.Y.) ("*Schenk*") (Dkt. No. 6); *Grefer v. Cayuga County et al.*, Case No. 5:23-CV-177 (GTS/ATB) ("*Cayuga County*") (Dkt. No. 6); *Grefer v. C. Valdina,* Case No. 5:23-CV-179 (GTS/ATB) ("*Valdina*"), Dkt. No. 6).

[3] *See Schenk,* Dkt. No. 8; *Cayuga County,* Dkt. No. 8; *Valdina,* Dkt. No. 8.

**II.     IFP Application/Three Strikes**

   **A.     Legal Standards**

Where a plaintiff seeks leave to proceed in forma pauperis, the court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the court's filing fee of four and two hundred dollars ($402). The court must also determine whether the "three strikes" provision of § 1915(g) bars the plaintiff from proceeding IFP and without prepayment of the filing fee. The "three strikes" section of the PLRA prohibits the filing of an IFP action when the plaintiff has had federal actions or appeals dismissed on at least three prior occasions, either for failure to state a claim or for frivolousness. 28 U.S.C. § 1915(g).  Specifically, § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If the plaintiff is indigent and not barred by Section 1915(g), the Court must also consider whether the causes of action stated in the complaint are, inter alia, frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b).

   IFP status is a privilege, not a right. *Carter v. Miller,* No. 9:22-CV-1086

3

(MAD/DJS), 2022 WL 16834055, at *1 (N.D.N.Y. Nov. 9, 2022) (citing *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983)). The District Court is vested with the discretion to revoke that privilege "when the goals of § 1915 are not being furthered." *Id.* (citing *Anderson v. Hobbs*, No. 12-CV-6117, 2014 WL 4425802, at *5 (W.D. Ark. Sept. 9, 2014)); *see also Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) ("Leave to proceed without prepayment of fees and costs is a privilege, not a right [. . .] [c]ourts have the discretion to revoke that privilege when it no longer serves its goals.") (citing *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991) and *Murphy v. Jones*, 801 F. Supp. 283, 288–89 (E.D. Mo. 1992)).

## B. Application

Plaintiff declares that he is unable to pay the filing fee in each of the above-captioned actions, and seeks to proceed IFP. Having reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to court Electronic Records ("PACER") Service, as further set forth below, this court concludes that plaintiff has accrued at least three strikes pursuant to section 1915(g) prior to commencing these actions, and is therefore precluded from proceeding IFP.

On July 1, 2019, while detained at the Monroe County Jail ("MCJ") in Rochester, New York, plaintiff filed a complaint against various individuals concerning the circumstances leading up to his confinement. *See Grefer v. Grant*, No. 6:19-CV-6498 (EAW) (W.D.N.Y.) (Dkt. No. 1). Upon initially screening the complaint[4] pursuant to §

---

[4] In addition to his original complaint, plaintiff filed an "Amended Complaint" on July 15, 2019, and another "Amended Complaint" on September 3, 2019. (*Id.* Dkt. Nos. 3, 6). For purposes of her initial screening order, Judge Wolford considered plaintiff's supplemental filings in addition to plaintiff's original complaint. (*Id.* Dkt. No. 17 at 2).

4

1915, Judge Wolford concluded that plaintiff's claims were subject to dismissal. (*Id.* Dkt. No. 17). However, she granted plaintiff the opportunity to file an amended complaint as to certain causes of action raised. (*Id.*). Plaintiff filed an amended complaint on May 3, 2021. (*Id.* Dkt. No. 23). The amended complaint was dismissed with prejudice by Judge Wolford on October 28, 2021, for failure to state a claim. (*Id.* Dkt. No. 24).

On August 23, 2019, plaintiff, still a detainee at the MCJ, filed a complaint against various individuals concerning his medical treatment. *See Grefer v. Morrocco*, No. 6:19-CV-6618 (EAW) (W.D.N.Y.) (Dkt. No. 1). Upon her initial screening of this complaint, Judge Wolford similarly concluded that plaintiff's claims were subject to dismissal, but afforded plaintiff the opportunity to file an amended complaint. (*Id.* Dkt. No. 25). Judge Wolford further directed the clerk of the court to close the case as dismissed with prejudice, in the event that plaintiff did not file an amended complaint by the imposed deadline. (*Id.*). On June 23, 2021, the clerk of the W.D.N.Y. entered judgment in favor of the defendants and dismissed the *Morrocco* action with prejudice, in light of plaintiff's failure to amend. (*Id.* Dkt. No. 26).

On January 24, 2020, while incarcerated at Elmira Correctional Facility, plaintiff filed a complaint against, inter alia, the New York State Department of Education concerning the revocation of his license to practice as a mental health counselor. *See Grefer v. Director*, No. 6:20-CV-6054 (FPG) (W.D.N.Y.) (Dkt. No. 1). Based upon his initial screening of the complaint, United States District Judge Frank P. Geraci, Jr. concluded that plaintiff's claims were subject to dismissal, but afforded plaintiff leave

to file an amended complaint within sixty days. (*Id.* Dkt. No. 7). Judge Geraci directed the clerk of the court to close the case as dismissed with prejudice if plaintiff failed to amend his complaint within the imposed deadline. (*Id.*). On April 29, 2021, the clerk of the W.D.N.Y. entered judgment in favor of the defendants and dismissed the complaint with prejudice, in light of plaintiff's failure to amend. (*Id.* Dkt. No. 15).

The court's review of the docket activity in the aforementioned actions reveals that, sometime after plaintiff filed his original complaint in each case, he was released from custody. (*See Grant* Dkt. Nos. 15, 16, 20; *Morrocco* Dkt. Nos. 17, 18, 23; *Director* Dkt. Nos. 6, 12). Notwithstanding plaintiff's change in status, because plaintiff was detained and/or incarcerated when he filed *Grant*, *Morrocco*, and *Director,* "he was a prisoner subjected to the PLRA's restrictions at the time he filed the case[s] and faced the PLRA's restrictions." *Burns v. Schell*, No. 20-CV-5582, 2020 WL 6365556, at *3 (S.D.N.Y. Oct. 28, 2020), *aff'd*, No. 20-3883, 2023 WL 1113215 (2d Cir. Jan. 31, 2023) (citing *Gibson v. City Municipality of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his complaint.' ")). Accordingly, the court is not precluded from considering these actions as relevant to the inquiry under § 1915(g).

For the reasons stated above, the court finds that the dismissals of *Grant, Morrocco* and *Director* qualify as strikes for purposes of 28 U.S.C. § 1915(g). Each of these actions was commenced while plaintiff was incarcerated and/or detained, and were ultimately dismissed for plaintiff's failure to state a claim. Thus, unless it appears

that the "imminent danger" exception to the three-strikes rule is applicable to the above-captioned actions, plaintiff may not proceed IFP.

## III. Imminent Danger Exception

### A. Legal Standards

The imminent-danger exception protects a prison inmate, who is exposed to potential danger, from the consequences of his earlier mistakes in filing frivolous litigation. The Second Circuit has held that "for a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint – in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citing *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002)). Additionally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus*, 554 F.3d at 297. When determining whether a prisoner has qualified for the "imminent danger" exception, courts look at the non-conclusory allegations in the plaintiff's complaint.

In deciding whether such a nexus exists, the Second Circuit has instructed the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99. "[T]hough [a court] is obligated to draw the most favorable inferences that [a pro se plaintiff's] complaint supports, [the court] cannot invent factual allegations

7

that [the plaintiff] has not pled." *Chavis*, 618 F.3d at 170.

## B. Application

Liberally construed, plaintiff's complaints contain various allegations against the defendants in conjunction with an allegedly "illegal pre-employment background check," which led to criminal charges being filed against the plaintiff, and his eventual incarceration for violating the terms of his parole. Plaintiff alleges that defendant Cayuga County Sheriff Schenk "ordered" defendant Detective Cornelius of the Cayuga County Sheriff's Department to perform an "unauthorized" pre-employment background check of plaintiff. (*Cornelius,* Dkt. No. 1 at 1; *Schenck*, Dkt. No. 1 at 1, *Cayuga County*, Dkt. No. 1 at 1). Plaintiff was ultimately "criminally charged" in connection with the background check. (*Id.*). Defendant Cayuga County Assistant District Attorney Valdina allegedly prosecuted plaintiff under the "falsified felony complaint" filed against him. (*Cayuga County,* Dkt. No. 1 at 1-2; *Valdina,* Dkt. No. 1). As a result, plaintiff was "fired from his job," evicted by his landlord, and has been "unlawful[ly]" incarcerated since January 26, 2022. (*Cornelius,* Dkt. No. 1).

Upon careful review of the complaints in the above-captioned actions, the court finds that plaintiff has failed to plead facts sufficient to place him within the imminent danger exception provided by § 1915(g). Even liberally construed, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), plaintiff's allegations do not plausibly suggest that he was at risk of an "imminent danger of serious physical injury" when he filed the above-captioned actions; particularly any imminent danger for which plaintiff is now seeking judicial remedy. *See Akassy v. Hardy,* 887 F.3d 91, 97 (2d Cir. 2018) ("[A]s the

'unmistakable purpose' of the imminent-danger exception to the three-strikes bar 'is to permit an indigent three-strikes prisoner to proceed IFP in order to obtain a judicial remedy *for* an imminent danger,' 'there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint.'") (quoting *Pettus*, 554 F.3d at 297 (emphasis added)). Because plaintiff fails to meet the exception to the three-strikes provision set forth in § 1915(g), he is not entitled to proceed IFP.

The court also takes notice that the above-captioned actions are four of several that were recently filed by the plaintiff, and are currently pending initial review in this district.[5] At least one of the complaints pending review appears, upon cursory review, to raise duplicative issues of a complaint that was previously dismissed in the W.D.N.Y.[6] Plaintiff is cautioned that the filing of vexatious, harassing, or duplicative lawsuits may result in the imposition of sanctions, including limitations on his ability to file without prior permission of the Court. *See Ajamian v. Nimeh*, No. 14-CV-0320 (GTS), 2014 WL 6078425, at *3 (N.D.N.Y. Nov. 13, 2014) ("[A] federal district court may impose reasonable filing restrictions on a pro se litigant in that particular court, pursuant to 28 U.S.C. § 1651(a) and its inherent authority to control and manage its own docket so as to prevent abuse in its proceedings."); *see also In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (where a pro se plaintiff has demonstrated a "clear pattern of

---

[5]*See Grefer v. Chirco,* Case No. 5:23-CV-00174 (BKS/ML) (N.D.N.Y.); *Grefer v. New York State Dept.*, Case No. 5:23-CV-00178 (MAD/ATB) (N.D.N.Y.); *Grefer v. Cayuga County Sheriff,* Case No. 9:23-CV-00169 (DNH/ATB) (N.D.N.Y.).

[6]*Compare Grefer v. New York State Dept.*, Case No. 5:23-CV-00178 (MAD/ATB) (N.D.N.Y.), *with Grefer v. Director*, No. 6:20-CV-6054 (FPG) (W.D.N.Y.).

abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement may be instituted by the court as an appropriate sanction); *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.").

## IV.     Motion for Default Judgment

Because the court is recommending that the complaints in the above-captioned actions be dismissed, plaintiff's motion for default judgment in *Cayuga County* is moot and should be denied. (*Cayuga County*, Dkt. No. 5).  Even if the court were not recommending dismissal, plaintiff's motion for default judgment is procedurally improper, and premature. Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk must enter the party's default." Fed. R. Civ, P. 55(a). "A motion for default judgment should not be filed unless and until service has been directed by this court and completed, and one or more defendants has failed to timely respond to the operative pleading in accordance with the Federal Rules of Civil Procedure." *Anthony v. New York*, No. 9:18-CV-0849 (GLS/CFH), 2019 WL 111041, at *4 n. 4 (N.D.N.Y. Jan. 4, 2019). Here, plaintiff filed a motion for default judgment before his IFP applications were addressed, and before any defendant was served with a summons and complaint, or otherwise waived service. *See* Fed.R.Civ.P. 12(a)(1). Accordingly, the court recommends that plaintiff's motion for default judgment be denied.

**V.     Motion to Appoint Counsel**

Because this court has found that plaintiff's complaints should be dismissed under section 1915(g), his motion for appointment of counsel is moot, and thus denied.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's motions to proceed IFP (*Cornelius,* Dkt. No. 5; *Schenk*, Dkt. No. 5; *Cayuga County,* Dkt. No. 4; *Valdina,* Dkt. Nos. 2,5) be **DENIED** because plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g), and is not entitled to the "imminent danger" exception, and it is

**RECOMMENDED**, that the above-captioned actions be **DISMISSED WITHOUT PREJUDICE**, unless within **THIRTY (30) DAYS** of the date of the Court's order approving this Recommendation, plaintiff pays the court's filing fee of four hundred and two dollars ($402.00) in full as to each separate action, and it is

**RECOMMENDED**, that upon plaintiff's compliance with the District Court's order, the Clerk be directed to return the file to me for review of plaintiff's complaints in accordance with 28 U.S.C. § 1915A, and it is

**RECOMMENDED,** that plaintiff's motion for default judgment (*Cayuga County,* Dkt. No. 5) be **DENIED,** and it is

**ORDERED,** that plaintiff's motion to appoint counsel (*Valdina,* Dkt. No. 2) be **DENIED**, and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation on plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have

fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 22, 2023

Andrew T. Baxter
U.S. Magistrate Judge